# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DEIONDRA R. BUTLER,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 20-00041-CG-B |
| | * |
| **ALDOC,** *et al.,* | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 73, is before the Court on review. For the reasons set forth below, it is **RECOMMENDED** that the claims of Plaintiff, Deiondra R. Butler, be **DISMISSED** without prejudice for failure to prosecute and obey the Court's orders.

## I. BACKGROUND

On January 24, 2020, Plaintiff, Deiondra R. Butler, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees. (Docs. 1 & 2). On February 14, 2020, Butler notified the Court of a change of address from Holman Correctional Facility to Limestone Correctional Facility. (Doc. 3).

In an order dated March 19, 2020, the Court observed that Butler's motion seeking to proceed without prepayment of fees did not include a copy of the institutional record of his inmate

account reflecting transactions in his account for the six-month period immediately preceding the filing of his motion. (Doc. 5). Accordingly, the Court denied the motion without prejudice and ordered Butler to file a copy of the institutional record of his inmate account by April 30, 2020, or in lieu thereof, to pay the statutory filing fee by April 30, 2020. (Id.). On April 3, 2020, Butler filed the institutional record of his inmate account as directed. (Doc. 6).

In an order dated June 3, 2020, the Court granted Butler's motion to proceed without prepayment of fees and ordered Butler to "remit to the Clerk of the United States District Court for this District, by July 6, 2020, a money order for $1.67 made payable to 'Charles R. Diard, Jr., Clerk.'" (Doc. 7). Butler was cautioned that failure to comply with the Court's order within the prescribed time would result in the dismissal of this action. (Id.).

In an order dated July 10, 2020, the Court observed that Butler had not paid the partial filing fee as instructed, that Butler had not requested an extension of time within which to comply with the Court's order, nor had he in any way responded to the order, and that the order had not been returned to the Court as undeliverable. Thus, the Court concluded that, under the circumstances, it appeared that Butler may have lost interest in the action. (Doc. 8). Accordingly, the Court directed Butler to show cause by August 7, 2020, why the action should not be dismissed for failure to prosecute and failure to obey an order of this Court. (Id.). Butler was again cautioned that failure to comply with the Court's

order within the prescribed time would be considered by the Court an abandonment of the prosecution of the action by Butler and would result in a recommendation that the case be dismissed for failure to prosecute and failure to comply with the Court's directives, without further notice. (Id.).

To date, the Court has not received the initial partial filing fee, nor has Butler requested an extension of time within which to comply with the Court's order. Moreover, the Court's orders, which were mailed to Butler at Limestone Correctional facility, have not been returned to the Court, nor is there any other indication that the orders were not delivered to him.[1]

**II. DISCUSSION**

"District courts possess inherent power to sanction errant litigants before them[,]" including the power to dismiss an action for failure to prosecute. Bolar v. Southern Intermodal Express, 2018 U.S. Dist. LEXIS 158788, *5, 2018 WL 5116539, *2 (S.D. Ala. Sept. 17, 2018), *report and recommendation adopted sub nom.,* 2018 U.S. Dist. LEXIS 179588, *2, 2018 WL 5116093 (S.D. Ala. Oct. 19, 2018) (quoting Hudson v. Cardwell Corp., 2006 WL 2135791, *1, 2006 U.S. Dist. LEXIS 55306 at *3 (S.D. Ala. July 27, 2006)). While "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" Tannenbaum v. United States, 148 F.3d 1262, 1263

---

[1] The Alabama Department of Corrections website indicates that Butler is still incarcerated at Limestone Correctional facility.

3

(11th Cir. 1998), this does not extend to a *pro se* litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., Brown v. Tallahassee Police Dep't, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming *sua sponte* dismissal of *pro se* action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. See, e.g., State Exchange Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Id.; see also Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) ("[A] court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation."); Smith v. HSBC Bank USA, Nat'l Ass'n, 679 Fed. Appx. 876, 879 (11th Cir. 2017)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits.") (citation omitted).

In the instant action, the Court has afforded Butler two opportunities over two months to pay his initial partial filing fee, and he has failed to do so. The Court made it clear in its order dated July 10, 2020, that failure to comply with the Court's repeated directives would result in a recommendation of dismissal of Butler's claim. (Doc. 8). Butler has filed nothing in response. Thus, the Court recommends that this action be dismissed without prejudice for failure to obey the orders of the Court and failure to prosecute. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); Zow v. Regions Fin. Corp., 595 Fed. Appx. 887, 889 (11th Cir. 2014) (11th Cir. 2014) (if a party disregards an order despite being warned of the possible consequences, dismissal is generally not an abuse of discretion); Tanner v. Neal, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); accord Kelly v. Tipton, 2015 U.S. Dist. LEXIS 24088, *3, 2015 WL 845959, *2 (S.D. Ala. Feb. 26, 2015).

**III. Conclusion**

Based on the foregoing, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice pursuant to Rule 41(b) of the Federal

5

Rules of Civil Procedure for failure to prosecute and failure to comply with the Court's directives.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this the **14th** day of **August, 2020.**

                                          **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**